UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>722 12th Street NW,  4th Floor<br>Washington, DC 20005<br><br><br>**FREE MARKET ENVIRONMENTAL<br>  LAW CLINIC**<br>9033 Brook Ford Road<br>Burke, Virginia, 22015<br><br>                                   **Plaintiffs,**<br>v.<br><br>**UNITED STATES DEPARTMENT OF ENERGY**<br>1000 Independence Avenue, SW<br>Washington, DC 20585<br><br>                                   **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. cv: 15-007 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Energy & Environment Legal Institute ("E&E Legal") and Free Market Environmental Law Clinic ("FME Law"), for their complaint against Defendant United States Department of Energy ("DoE" or "the Department"), allege through counsel, the Free Market Environmental Law Clinic, as follows:

1)   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under a November 26, 2014 request for certain DoE records.

2)   Plaintiffs submitted this FOIA request on November 26, 2014, to which the DoE has failed to respond. Plaintiffs also sought a fee waiver for this request, to which

1

the DoE has failed to respond.

3)	Plaintiffs understand the document requested under FOIA states when certain data shall be made available regarding a Carbon Capture and Storage (CCS) project after it has been "adequately demonstrated" for purposes of Clean Air Act regulation.

4)	Despite DoE's statutory obligation to provide responsive records or an estimate of potential responsive documents and fees, defendant DoE has not offered such an estimate, has not provided responsive records, and has not provided any substantive response to this narrow, specifically targeted request.

5)	Defendant DoE's failure to respond within the statutory period constitutes denial of Plaintiffs' request for documents and its request for a fee waiver, without a proper legal basis.

6)	As a result of this denial, pursuant to 5 U.S.C. §552(a)(4)(A)(v)&(viii) Plaintiffs have no further administrative remedies to pursue, but instead affords Plaintiffs the right of judicial review, in the form of this lawsuit asking this Court to compel DoE to produce responsive records and waive Plaintiffs' fees.

## PARTIES

7)	Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to

environmental and energy policy and how policymakers use public resources.

8) Plaintiff Free Market Environmental Law Clinic (FME Law) is a nonprofit research, public policy based, and public interest litigation center based in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. FME Law's programs include research, publication and litigation and include a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9) Defendant DoE is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

10) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and under 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

11) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiffs resides in the District of Columbia, and Defendant is an agency of the United States.

## FACTUAL BACKGROUND

12) This lawsuit seeks to compel DoE to respond fully and completely to a FOIA request dated November 26, 2014, seeking certain records, specifically:

> a copy of any cooperative research and development agreement (CRADA) between the Department of Energy (DoE) or any of its offices and the Mississippi Power Company (MPC), and/or MPC's holding company, the Southern Company, concerning the Kemper County Energy Facility (KCEF), located in Kemper County, Mississippi

   ("Kemper").

13) This document is of particular and timely public interest for the reason that it reveals when the government may obtain, and inform the public of, data regarding its flagship research demonstration project for CCS, an example cited as proof that CCS has been "adequately demonstrated" as commercially viable as a precondition for EPA's proposed "Standards of Performance for Greenhouse Gas Emissions from New Stationary Sources: Electric Utility Generating Units".  In order to obtain technical and cost data DoE committed $270 million in taxpayer dollars to the Kemper project, which public reports indicate is still not fully operational and presently $4 billion over budget.

14) Plaintiffs requested that DoE waive processing and copying fees pursuant to 5 U.S.C. §552(a)(4)(A)(iii), with the request being in the public interest, Plaintiffs having no commercial interest in the material, and with substantial public interest in the requested information.

15) On December 9, 2014, DoE acknowledged Plaintiffs' request in an email sent by FOIA Officer at the National Energy Technology Laboratory (NETL), Ann Dunlap.

16) After prompting by Plaintiffs on that same day, FOIA officer Dunlap assigned the request tracking number HQ-2015-00265-F.  Neither Ms. Dunlap's emails nor any other DoE correspondence addressed Plaintiffs' request for a fee waiver. Defendant has never produced any records responsive to the request nor contacted Plaintiffs concerning fees, nor sought further information, an extension of time to respond or otherwise tolled the FOI Act's statutory deadlines.

17) 5 U.S.C. § 552(6)(A) states in part, "In denying a request for records, in whole or in part, an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request."

18) Defendant DoE has not communicated further with Plaintiffs and the statutory period for responding to this request has passed.  Defendant provided no initial determination regarding the scope or quantity of response records, nor any response to the fee waiver request.  This failure to respond within the statutory period constitutes DoE denying Plaintiffs' records and fee waiver request.

## LEGAL ARGUMENTS
### Defendant DoE Owed and Has Failed to Provide Plaintiffs a Response

19) FOIA requires covered agencies to respond to a FOIA request within twenty business days from the date of receipt of such a request. It must rise to the level of  indicating "that the agency is exercising due diligence in responding to the request...Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." (5 U.S.C. § 552(a)(6)(C)(i)).  An agency response must reflect that the agency is beginning to process the request. *See, e.g., Oglesby v. U.S. Dep't of Army*, 920 F. 2d 57 (D.C. Cir. 1990).  Examples include the agency informing a requester that it assigned the request(s) to the simple, normal or complex processing tracks and giving notice that it is reviewing some quantity of records with an eye toward production on some estimated schedule. *See generally, Citizens for Responsibility and Ethics in Washington v. Federal Election*

*Commission*, 839 F. Supp. 2d 17, 25 (D.D.C.2011).

20)   This deadline elapsed on December 30, 2014.

21)   U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  DoE did not seek additional information from Plaintiffs regarding the request at issue in this suit.

22)   No FOIA statutory deadline has been tolled in this matter.  Defendant DoE has not provided the required information to allow Plaintiffs to agree to fees, provided any response to Plaintiffs' request for fee waiver or a substantive response of any kind, or otherwise demonstrated any intention to process Plaintiffs' request or sought and made its case for an extension of time to respond to Plaintiffs' request as required when "exceptional circumstances" exist.

**DoE Waived its Right to Seek Fees, By Failing to Substantively Respond**

23)   In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the U.S. District Court for the District of Columbia noted, "An additional effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith

6

or otherwise fail to comport with FOIA's requirements. *See* S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to comply with <u>*any time limit*</u>' of FOIA." (Emphasis added by *Bensman* Court).

24) DoE owed Plaintiffs a substantive response on or before December 30, 2014 under 5 U.S.C. § 552(a)(6)(A)(i), and it did not respond within the statutorily required deadline. Defendant DoE also failed to respond to the request for a fee waiver within the statutory deadline.

25) As a consequence of this failure to obey the statutory time limits, DoE is now barred from seeking fees for this request under 5 U.S.C. § 552(a)(6)(A)(viii), and must grant Plaintiffs' fee waiver.

**<u>Having Failed to Properly Respond to Plaintiffs' Request, Defendant DoE Owes Plaintiffs Responsive Records Subject to Legitimate Withholdings</u>**

26) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, affirming the agency is processing the request and intends to comply. It must rise to the level of indicating "that the agency is exercising due diligence in responding to the request...Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(A)(i). See, e.g., *Shermco Industries v. Secretary of the U.S. Air Force*, 452 F. Supp. 306 (N.D. Tex. 1978).

27) Having failed to respond within the statutory time limits, DoE must now provide

Plaintiffs records responsive to their request, subject to legitimate withholdings, and is barred from assessing Plaintiffs fees for this request.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**

28) Plaintiffs re-allege paragraphs 1-27 as if fully set out herein.

29) FOIA requires all doubts to be resolved in favor of disclosure. It allows the citizenry to learn "what their government is up to." *NRA v. Favish* 541 U.S. 157, 171 (quoting *U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

30) Plaintiffs have sought and been denied production of responsive records through Defendant's failure to respond.

31) Plaintiffs have sought and been denied a waiver of their fees through Defendant's failure to respond.

32) Plaintiffs have a statutory right to fee waiver, and to the information they seek.

33) Plaintiffs ask this Court to enter a judgment declaring that

  i. Defendant failed to provide a proper response, or a fee estimate to Plaintiffs' request for records HQ-2015-00265-F within the statutory deadline and has thereby waived any right to assess fees;

  ii. DoE records as described in Plaintiffs' request HQ-2015-00265-F, are public records subject to release under FOIA;

  iii. DoE's refusal to produce the requested records is unlawful.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief

34) Plaintiffs re-allege paragraphs 1-33 as if fully set out herein.

35) Plaintiffs are entitled to injunctive relief compelling Defendant to produce all records in its possession responsive to Plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

36) Plaintiffs ask this Court to order Defendant to produce to Plaintiffs, within 10 business days of the date of the order, the requested records described in Plaintiffs' FOIA request HQ-2015-00265-F, and any attachments thereto, subject to legitimate withholdings.

37) Plaintiffs ask the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiffs receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiffs' challenges to Defendant's withholdings, if any, and any other remaining issues.

38) Plaintiffs ask the Court to enter an injunction ordering the defendant to either grant Plaintiffs' fee waiver in request HQ-2015-00265-F within 10 business days of the date of the order, or to not seek fees for this request.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

39) Plaintiffs re-allege paragraphs 1-38 as if fully set out herein.

40) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

41) Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of Defendant's refusal to fulfill the FOIA request at issue in this case.

42) Plaintiffs ask the Court to order Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Respectfully submitted this 5th day of January, 2015,

_____/s/_____

Christopher C. Horner
D.C. Bar No. 440107
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458
CHornerLaw@aol.com

David W. Schnare
D.C. Bar No.
9033 Brook Ford Road
Burke, VA 22015
(571) 243-7975
SchnareFME@gmail.com

FREE MARKET ENVIRONMENTAL LAW CLINIC
ATTORNEYS FOR PLAINTIFFS